# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-21-00024-CV

---

**Johnnie Love-Marx, Appellant**

v.

**Nellie Katherine Marx, Sandra Jones, and William Donald Marx, Individually and as Co-Trustees of the Paul Marx 2013 Management Trust, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
NO. 20-0006-G, THE HONORABLE CHRIS JOHNSON, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

Johnnie Love-Marx appeals from an order of the probate court approving an agreement settling a dispute over a trust. Appellees Nellie Katherine Marx, Sandra Jones, and William Donald Marx, individually and as co-trustees of the Paul Marx 2013 Management Trust (collectively, the Trustees), have moved to dismiss this appeal as moot. We agree and will dismiss for want of jurisdiction.

This appeal arises from a dispute over the Paul Marx 2013 Management Trust. Paul Marx created and funded the trust prior to his marriage to Love-Marx. In 2016, the Trustees sued Marx and Love-Marx in the probate court of Hays County. The probate court rendered a final judgment, and all parties appealed: Paul Marx appealed from the judgment against him on the Trustees' claims; the Trustees cross-appealed the dismissal of their claims against Love-Marx on summary judgment; and Love-Marx cross-appealed certain evidentiary

rulings. While those appeals were pending in this Court, a county court at law appointed Joe Babb as guardian of Paul Marx's estate for the limited purposes of managing the litigation. Babb was authorized to, among other things, "compromise, and/or settle all matters in dispute between Paul Marx and third parties, including the trustees of the Paul Marx 2013 Management Trust." Babb and the Trustees reached a settlement in which they agreed to dismiss all pending litigation, terminate the trust, and distribute its assets among Paul Marx and the Trustees. Love-Marx was not a party to the settlement.

Babb filed a motion in the probate court to approve the settlement. After hearing arguments from Babb, the Trustees, and Love-Marx, the probate court signed an order granting the motion on October 26, 2020. Babb moved to dismiss his appeal, and the Trustees separately moved to dismiss their cross-appeal and Love-Marx's cross-appeal. We granted both motions. *See Babb v. Marx*, No. 03-20-00189-CV, 2020 WL 6834227, at *1 (Tex. App.—Austin Nov. 19, 2020, order) (per curiam) (dismissing Babb's appeal); *Marx v. Love-Marx*, No. 03-20-00189CV, 2021 WL 162500, at *1–2 (Tex. App.—Austin Jan. 15, 2021, no pet.) (mem. op.) (granting Trustees' motion).

Two days before we granted the Trustees' motion, Love-Marx filed this appeal from the probate court's order approving the settlement agreement. The Trustees moved to dismiss for want of jurisdiction on the ground that the order approving the agreement is not final and appealable and, in the alternative, that the appeal is untimely. The Trustees later filed a supplemental motion arguing that the appeal is moot because the mandate has issued in the previous appeal. The Trustees then filed a second supplemental motion to dismiss informing us that Paul Marx had died and arguing that his death renders this appeal moot. On October 8, 2021, Love-Marx filed a suggestion of death confirming that Paul Marx is deceased.

The mootness doctrine is a constitutional limitation that prohibits courts from issuing advisory opinions. *Electric Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021). "A case becomes moot when there ceases to be a justiciable controversy between the parties or when the parties cease to have 'a legally cognizable interest in the outcome.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). Put simply, an appeal is moot "when events make it impossible for the court to grant the relief requested or otherwise 'affect the parties' rights or interests.'" *Id.* (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)). If a case becomes moot, the court must dismiss the case for lack of jurisdiction. *Heckman*, 369 S.W.3d at 162.

We agree with the Trustees that Paul Marx's death renders this appeal moot. Love-Marx opposed the settlement agreement in the probate court on the ground that it would leave Paul Marx without sufficient funds to support himself during his life. She argues on appeal that there is a live controversy over whether approving the settlement agreement and thus terminating the trust contradicted Paul Marx's intent in creating the trust—to provide for his own "maintenance and support until death." Paul Marx's death means that Love-Marx can no longer obtain the relief she seeks, which is reinstatement of the trust for the remainder of Paul Marx's lifetime.[1] *See Electric Reliability Council*, 619 S.W.3d at 635 (explaining that appeal becomes moot when "the court can no longer grant the requested relief or otherwise affect the parties' rights or interests"); *Harper*, 562 S.W.3d at 6. We grant the Trustees' second supplemental

---

[1] Love-Marx stated in the suggestion of death that she has been appointed personal representative of Marx's estate and "anticipates filing further, appropriate pleadings in due time." She did not file a response to the Trustees' motion to dismiss arguing that Marx's death render this appeal moot.

motion to dismiss, and we dismiss this appeal for want of jurisdiction.[2]  *See* Tex. R. App. P. 42.3(a); *Heckman*, 369 S.W.3d at 162.

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Dismissed for Want of Jurisdiction

Filed:   December 3, 2021

---

[2] We dismiss the Trustees' original and first supplemental motions to dismiss as moot.